Mr. Chief Justice Shaekey
delivered the opinion of the court.
The plaintiffs in error instituted this proceeding in the probate court of Yazoo county, by bill, to which the respondents demurred, and the demurrer was allowed by the court. The case therefore depends entirely on the merits set out in the bill. The bill is in the name of three separate and distinct creditors *78 of the estate of Brown, who profess to proceed for themselves, as well as all other creditors. The defendants are administrators with the will annexed, letters having been granted them at March term, 1836.
The bill charges that assets to the amount of $53,950 came into the defendants’ possession, as appears by the inventory, besides money and choses in action to about the amount of $20,('00. That the administrators carried on the farm for three years, and realized from the crops of corn and cotton $19,000, and two thousand dollars for the rent of land. That by orders of court the land was sold for $40,00.0 ; and that the assets from these various sources, were sufficient; to pay the debts. The administrators are charged with an improper use of the assets, and with having fraudulently reported the estate insolvent, on which report the court declared the estate insolvent, at the March term, 1838, and appointed commissioners of insolvency. The bill also charges that this decree of the court was erroneous upon the face of the proceeding. 1st. Because by the schedule presented, it appeared that large amounts of debts had been paid before the report of insolvency; 2d. Because a portion of the debts returned, were not contracted by Brown in his lifetime, but by the administrators; 3d. Because the.schedule showed that $30,000 had been paid out. An objection was also made to the appointment of the attorney of the estate, as a commissioner of insolvency, who was fraudulently combining with the administrators, and had refused to join in making a report. It is further alleged that the administrators for the last six years, have failed to pay the complainants, under various pretences. That since the report of insolvency, the administrators had paid off to chosen creditors, large sums of money, one of the administrators having retained a large amount due himself, before the estate was declared insolvent, and another large debt afterwards, for goods sold. There is also an allegation that a settlement with the probate court, pretended by the administrators to have been made at July term, 1839, was made without legal notice, and that the account was not in fact approved by the court, the indorsement of the judge, although professing to have been made *79 in term time, having in fact been made in vacation: That the account so allowed was erroneous, because some of the payments therein specified,'had been made after the report of insolvency, and others were for debts not'chargeable to the estate; and' also, that some of these claims were paid without being properly authenticated, and others were barred by the statute of limitations. The prayer is for a citation, and that the administrators account for all sums of .money received by them, and also that the administrators be decreed to pay the complainants the amounts due them, if the estate should be solvent, or their fro rata dividend, if it should be insolvent.
This bill is so comprehensive, that it is difficult to find statutory provisions sufficiently broad for it to rest on. In some of its features it approaches too closely to a bill in chancery, to be properly cognizable before the probate court. It is true the probate court may direct plenary proceedings, and compel an answer,on oath, but its powers are confined strictly to matters testamentary. This is emphatically a creditor’s bill, which is ordinarily brought in a court of chancery. And it would seem also to have been designed as a bill of review, which is peculiarly a matter of chancery jurisdiction. There is no statute conferring such power on the probate court, nor is it believed to be at all necessary that such power should be exercised by-that court. Neither is it a necessary incident to any granted power. The statute gives a simple and speedy, method of correcting the. errors of the probate court, by appeal from any order or decree, and courts of special jurisdiction are to be confined' to the exercise of the powers granted, together with such incidental power as may be necessary to enable them to exercise efficiently the jurisdiction granted. By an examination of the doctrine applicable to bills of review, it will be found to be incompatible with the legitimate powers of the probate court. 2 Maddock’s Chancery, 536 ; Mitford’s Pleading, 127. But there are other objections to this, as a bill of review. The errors complained of, exist in'the schedule of liabilities presented by the administrators when they reported the estate insolvent. The schedule was but a matter of evidence on which the decree, or order, for *80 it does not appear that there was a formal decree, was based. A bill of review will not lie, because the matter decreed is contrary to the proof, or because the court misunderstood any fact in the cause, if the error be not introduced into the decree. 2 Maddock’s Chancery, 538. Another objection is, that the cause has not been finally disposed of; it is still before the probate court; and a bill of review will not be entertained until after a final decree, and the parties are out of court. Bowyer v. Lewis, 1 Hen. & Mun. 554; Ellzey v. Lane’s Ex’r. 2 Ib. 589.
The bill also charges matter which is a' devastavit on the part of the administrators in the payment of debts after the report of insolvency, a matter over which the court could exercise no other control than by refusing to allow their accounts or by removing them from office, but these accounts do not seem to have been presented. If the complainants desire to be relieved against this illegal payment, their application is premature, unless it be relied on as a cause of removal. They may object to the allowance of this item in the account when it is presented. The remedy for a devastavit is in a different forum.
Another charge is, that they have failed to pay the complainants. The answer to this is, that they were not bound to pay until a dividend was struck. If the commissioners had improperly failed to report, the court has power to coerce them, and a simple application for that purpose would have accomplished the object.
This bill seems to have been filed to obtain a review of an order of the probate court; to correct the general course of administration, by having accounts and reports disallowed which had formerly been approved; to compel the commissioners of insolvency to report, and to have a payment directed to all the creditors. We have shown that the review should not be granted. If the administrators paid improper claims they are liable for a devastavit. If the court improperly allowed their accounts, the parties were not without an appropriate remedy ; objections should have been made to such an allowance. If the commissioners of insolvency refuse to report, the court has *81 ample power to compel them to do so; but to entertain this bill, would be to open every step that has been taken in the administration, and to lay the foundation for an entire re-administration of the estate. "W e therefore think the demurrer was properly sustained, and affirm the decree, without prejudice to the rights of the parties in having a report made by the commissioners of insolvency, or in making objections before the auditors, or before the court, to any illegal payment which has been made by the administrators.